ASHLEY v. ASHLEY.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. RECEIVERS—FAILURE TO BRING IN ALL PARTIES.

Where a father, who had transferred certain stocks to his son and daughters under an agreement that they would support him, seeks to set aside such agreement for fraud, and to enjoin the transfer of the bonds, in a suit in which the son is the sole defendant, the appointment of a receiver at the request of the father will not be denied on the ground that the daughters should be parties to the suit.

2. SAME—SUFFICIENCY OF APPLICATION.

Where the complaint in a suit by a father, who had transferred securities to his son and daughters in consideration of future support, to set the agreement aside, as secured by fraud, and to enjoin the transfer of the security, shows that the agreement was procured by fraud, and that the support was not furnished, and that there has been a devastavit, and the defendant withdraws affidavits opposing the appointment of a receiver, a receiver should be appointed.

Appeal from special term, Orange county.

Suit by William D. Ashley against Dexter D. Ashley to set aside an agreement, and to enjoin the transfer of certain bonds. From an order appointing a receiver, the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Thaddeus D. Kenneson, for appellant.
James G. Meyer, for respondent.

GOODRICH, P. J. The special term, upon a motion for injunction and the appointment of a receiver, appointed a receiver of certain securities which are the subject of this action. Curiously, the order recites that the defendant presented in opposition to the motion, and subsequently withdrew, certain affidavits. The only question, therefore, is whether, on the complaint and affidavits of the plaintiff, it was proper to appoint a receiver. The complaint and affidavits show that the plaintiff, being the owner of about $83,000, of securities, in January, 1898, transferred to each of his two daughters about $25,000 of them, and the balance to his son, the defendant, in consideration of their agreement to support him during his. lifetime. The plaintiff alleges that this agreement was obtained by fraud and duress, and prays that it may be set aside and the securities adjudged to him. In November, 1899, the father and the three children entered into another agreement, modifying the former one, and providing a joint obligation of the three children to take care of the father. The plaintiff alleges that this agreement also was procured by fraud and duress, and that the defendant has not provided for him or complied with the contract, and prays that it may be set aside, and that the defendant may be compelled to account for the securities, principal and interest, received by him, and for the appointment of a receiver of the securities, and for an injunction restraining their transfer by the defendant.

The main contention of the defendant is that no receiver should have been appointed, as no judgment can probably be recovered in

this action without the presence therein of the two sisters, Mrs. Williams and Miss Ashley. This might be a good contention if the complaint made any personal claim or charge against the sisters, but it only asks for relief against this defendant, and not against the sisters. It is not necessary for the purpose of this appeal to consider the question whether the sisters ought to be made parties. Assuming that they should, the defendant, if his contention be correct, at any time can move to have them brought in as parties to the action.

The sole question before us is whether, under subdivision 1 of section 713 of the Code of Civil Procedure, a prima facie case was made for the action of the court in taking into its possession the securities in question pendente lite. Upon this question there is no doubt, assuming, as we must, the truth of the allegations of the complaint and affidavits, especially as the defendant presented and then withdrew his opposing affidavits. The allegations show prima facie that the agreements were procured by the defendant by fraud and duress, by which the plaintiff was stripped of his property upon a covenant of the defendant for his support, which has not been furnished; that there has been a devastavit of the funds; and that there is danger of further depletion. Upon such facts, the special term exercised a wise discretion in appointing a receiver, whose possession of the securities pendente lite can work no injury to the defendant.

The order should be affirmed, with $10 costs and disbursements. All concur.